| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR ONLINE PUBLICATION |
| LEVELLE MING,<br><br>                            Plaintiff,<br><br>        - against -<br><br>AHIIJAH MITCHELL (Site Manager); MR. ADRIAN (Superintendent); SURREY CO-OP APARTMENTS,<br><br>                            Defendants. | MEMORANDUM AND ORDER<br><br>13-CV-1414 (JG) |

JOHN GLEESON, United States District Judge

        Plaintiff Levelle Ming ("Ming") brings this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. §§ 2000e – 2000e-17 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq.. Before the Court is also Ming's application to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915(a). I hereby grant Ming's application to proceed in *forma pauperis* and, for the reasons stated below, I dismiss the complaint but grant Ming leave to file an amended complaint within thirty (30) days of the date of entry of this Order.

## BACKGROUND

        Although it is unclear, it appears from the complaint that Ming was employed at the Surrey Cooperative Apartments in the Bronx, I believe as a security guard.[1] Ming alleges that on or about October 29, 2012 the Defendants (1) racially discriminated against him; (2) wrongfully removed him from the job site; (3) retaliated against him; (4) subjected him to

---

[1] Ming has filed six prior lawsuits, most of which alleged discrimination in his employment as a security guard. *See Ming v. Veterans Administration*, No. 10-cv-4193; *Ming v. Prato*, No 02-cv-2081; *Ming v. Livingston*, No. 09-cv-2834; *Ming v. Pagan*, No. 09-cv-4466; *Ming v. Pagan*, No. 10-cv-4946; *Ming v. Bridge Security Servs.*, No. 10-cv-4463.

unequal terms and conditions of employment; and (5) subjected him to an unsafe working environment. Compl. at 2 – 3. The United States Equal Employment Opportunity Commission issued a right to sue letter on February 22, 2013. Ming commenced the instant action on March 14, 2013.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed true, this tenet is "inapplicable to legal conclusions." *Id.* While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the court reviews the complaint with "special solicitude" and interprets the allegations to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted)).

Nonetheless, the court must dismiss the complaint of a plaintiff proceeding in *forma pauperis* if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleadings "gives any indication that a valid claim might be stated," however, the court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of claim against each Defendant named so they have adequate notice of the claims against them. *Iqbal*, 556 U.S. at 678-69. ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the … claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Ricciuti v. New York City Transit Auth.*, 941 F.3d 119, 123 (2d Cir. 1991).

Title VII provides that "[i]t shall be unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. 2000e-2(a). Here, Ming brings a Title VII and ADA[2] claim, but fails to plead sufficient factual allegations to support a claim for relief.

Ming alleges that he was discriminated against, but his factual allegations are almost incomprehensible. For example, Ming claims that "during a Hurricane Sandy Event," he was wrongfully removed from the work site, for installing tiles when "a group of security officers collectively installed tiles and wanted the Rats, Racoons [sic], Possums, Mice, Roaches, Mold and Old Furniture to be clean or removed." Compl. at 3–4. Whether his allegations are viewed individually or as a whole, they fail to sufficiently convey how Ming was discriminated

---

[2] Ming cites to the ADA in his complaint, but his allegations are limited to a claim of discrimination based on his race. *See* Compl. at 3.

against based on his race or a disability. None of the facts alleged connect any adverse employment action to a protected status. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal,* factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief); *see also Arista Records LLC v. Doe*, 604 F.3d 110, 120-21 (2d Cir. 2010) (although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

Furthermore, in the context of employment discrimination neither Title VII nor the ADA provide for individual liability. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004); *Spiegel v. Schulmann*, 604 F.3d 72 (2d Cir. 2010). Thus, Ming's claims against Ahijah Mitchell and Mr. Adrian must be dismissed. *Wrighten v. Glowski*, 232 F.3d 119 (2d Cir. 2000) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-17 (2d Cir. 1995)), abrogated on other grounds by *Burlington Indus.*, *v. Ellerth*, 524 U.S. 742 (1998).

## CONCLUSION

The complaint is dismissed as to the individual defendants Ahijah Mitchell and Mr. Adrian. 28 U.S.C. § 1915(e)(2)(B)(ii). However, Ming is granted thirty (30) days from the date of entry of this order, to file an amended complaint against his former employer to correct the deficiencies discussed above. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that Defendant discriminated against him in violation of Title VII and the ADA. Specifically, Ming should do the best he can to allege particularized facts supporting his claim that the actions he complained about by Defendants were based on his race or disability.

No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days until Ming has complied with this Order. Ming is advised that if he fails to file an amended complaint within thirty (30) days of this Order, his Title VII and ADA claims will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to forward an employment discrimination form complaint to Plaintiff, along with a copy of this Order.

This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in *forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated:  July 29, 2013
        Brooklyn, New York