| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | <u>NOT FOR ONLINE PUBLICATION</u> |
| LEVELLE MING,<br><br>                                   Plaintiff,<br><br>- against -<br><br>AHIIJAH MITCHELL (Project Site Manager); ADRIAN (Superintendent); MISS BEVERLY RICHARDSON; ANDY KING (Bronx City Councilman);  and SURREY CO-OP APARTMENTS,<br><br>                                   Defendants. | <u>MEMORANDUM AND ORDER</u><br><br>13-CV-1414 (JG) |

JOHN GLEESON, United States District Judge

On March 14, 2013, plaintiff Levelle Ming ("Ming") filed a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § § 2000e - 2000e-17 ("Title VII") and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*.  By Memorandum and Order dated July 29, 2013, I dismissed the complaint as to the individual defendants Ahijah Mitchell and Mr. Adrian and granted Ming 30 days to file an amended complaint.  On August 16, 2013, Ming filed an amended complaint alleging discrimination pursuant to Title VII only.  Ming also adds Beverly Richardson and Bronx City Councilman Andy King as defendants. For the reasons discussed below, I grant the application to proceed *in forma pauperis* and dismiss Ming's claims against every defendant except Surrey Cooperative Apartments.

BACKGROUND

Ming was employed at the Surrey Cooperative Apartments in the Bronx as a security guard.[1]  The allegations in the complaint relate to events that occurred during and immediately after Hurricane Sandy.  Ming describes doing safety checks of fallen trees, patrolling buildings, arranging for

---

[1] Ming has filed six prior lawsuits, most of which alleged discrimination in his employment as a security guard.  *See Ming v. Veterans Administration*, No. 10-cv-4193; *Ming v. Prato*, No 02-cv-2081; *Ming v. Livingston*, No. 09-cv-2834; *Ming v. Pagan*, No. 09-cv-4466; *Ming v. Pagan*, No. 10-cv-4946; *Ming v. Bridge Security Servs.*, No. 10-cv-4463.

sleeping accommodations and food, and various other events during that crisis. Mitchell told him the Superintendent (Adrian) was upset because he was walking around the buildings. Finally, Ming alleges as follows:

> Before going into another Matter which was brought to my Attention Miss Mitchell asked me some questions about my Heritage which informed I was Chinesse[sic]/Black I informed her she was already aware of my Heritage that's why you always called me by my last name Ming you asked me weeks ago and I told you my dad is Chinesse [sic] then Miss Mitchell said oh yeah that's right we had that conversation and there something I wanted to address with you that had happen about a Month ago or so I asked what she informed me about the security locker room was Painted, Brand New Tiles (Peel and Stick) was installed I informed Miss Mitchell Collectively Several people Cleaned, Exterminated, the locker room due to the Unsafe Conditions and Mold, along with the Possums, Racoons [sic], Rats, Filth that is inside the locker room and nobody caring about it we all wanted better conditions so we cleaned it up Miss Mitchell asked me do I always go around cleaning up locker rooms I replied I never have been subjected to such nasty locker room or a locker room with Racoons [sic], Possums, Rats, Mold among other issues in one room…and some of us was scared to stay or be in there so if it was clean and safe we would feel safe not intimidated or risk losing our jobs because your office is totally nothing like our nasty filthy locker room. Miss Mitchell replied it does look better however permission should have been requested I replied I requested permission on my daily report sheet.[] Miss Mitchell has admitted requested my removal from the site based on installing Tiles etc however she only requested I be removed when she is completely aware I did not installed tiles, paint exterminate, move furniture, alone it was a collective action that only I was discipline for
>
> (under Title VII This Is a Unlawful Act on behalf of the employer)

Compl. at 4-5. The United States Equal Employment Opportunity Commission issued a right to sue letter on February 22, 2013.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all

allegations contained in the complaint are assumed true, this tenet is "inapplicable to legal conclusions." *Id.* While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the court reviews the complaint with "special solicitude" and interprets the allegations to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nonetheless, the court must dismiss the complaint of a plaintiff proceeding in *forma pauperis* if the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleadings "gives any indication that a valid claim might be stated," however, the court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

DISCUSSION

In the July 29, 2013 Memorandum and Order, I directed Ming to do the best he could to allege particularized facts supporting his claim that the actions he complained about were based on his race or disability. Ming gives a more detailed (and rambling) account of various events and conversations that occurred during his extended shift during Hurricane Sandy in October 2012.

I accept as true Ming's allegation that Mitchell questioned him regarding his heritage, Comp. at 4-5, shortly before requesting his termination for "installing Tiles etc." *Id.* at 5. The complaint further alleges that others who were responsible for the installation of the tiles and related work were not disciplined. *Id.*

Mindful that the pleading requirements in a Title VII action are "very lenient, even de minimis," *Brown v. Coach Stores, Inc.,* 163 F.3d 706, 710 (2d Cir.1998), and that the plaintiff's

complaint is to be read liberally, *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996), I find these allegations sufficient to withstand dismissal at this stage.

Ming has added two individuals as defendants in his amended complaint. As I discussed in my July 29, 2013 Order Title VII does not provide for individual liability. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004); *Spiegel v. Schulmann*, 604 F.3d 72 (2d Cir. 2010). Thus, Ming's claims against Beverly Johnson and Bronx City Councilman Andy King[2] must be dismissed on that ground. *Wrighten v. Glowski*, 232 F.3d 119 (2d Cir. 2000) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313-17 (2d Cir. 1995)), abrogated on other grounds by *Burlington Indus.*, *v. Ellerth*, 524 U.S. 742 (1998).

## CONCLUSION

Accordingly, the application to proceed *in forma pauperis* is granted. The amended complaint is dismissed as against all defendants except Surrey Cooperative Apartments. 28 U.S.C. § 1915(e)(2)(B)(ii). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: September 23, 2013
       Brooklyn, New York

---

[2] Individual defendant Ahijah Mitchell was dismissed from the complaint in the July 29, 2013 order.